```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

SCOTT WEINERTH,

                    Plaintiff,

vs.                                Case No. 2:10-cv-170-FtM-29SPC

HARVEY AYERS, City of Punta Gorda,
Florida, Police Officer, in his
individual capacity,

                    Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's First Amended Complaint/Motion for More Definite Statement (Doc. #13) filed on April 19, 2010. Plaintiff filed a Response in Opposition (Doc. #16) on May 6, 2010.

### I.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

(2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

On June 30, 2010, after defendant's motion was filed, the Eleventh Circuit determined that there is no longer a heightened pleading standard for 42 U.S.C. § 1983 cases after Iqbal. "Pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in Iqbal." Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

## II.

Defendant argues that the First Amended Complaint (Doc. #11) is a shotgun pleading, and that it fails to meet the heightened

pleading standard for an individual officer entitled to assert qualified immunity. Defendant further argues that the Counts improperly appear to include 3 separate and distinct claims within the same count, contrary to Fed. R. Civ. P. 10(b).

As a preliminary matter, the Court agrees with plaintiff that incorporation of Count I into Count II can easily be rectified, but an Amended Complaint will be required for other reasons. The Court finds that the motion is otherwise due to be granted, without prejudice, based on the Rule 10(b) argument. The false arrest[1] and malicious prosecution[2] state claims possess separate elements of proof, and the factual allegations applicable to each should therefore be set forth separately in different counts. To the

---

[1] Pursuant to Florida law, "[f]alse arrest is defined as the unlawful restraint of a person against that person's will. [ ] In a false arrest action, probable cause is an affirmative defense to be proven by the defendant." Willingham v. City of Orlando, 929 So. 2d 43, 48 (Fla. 5th DCA 2006).

[2] "To state a cause of action for malicious prosecution, a plaintiff must allege the following elements: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." Cohen v. Corwin, 980 So. 2d 1153, 1155 (Fla. 4th DCA 2008). To support a claim for malicious prosecution each element must be present. Durkin v. Davis, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002).

extent[3] that plaintiff is also asserting a claim for false imprisonment, the basis for such a claim should also be stated in a separate count.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint/Motion for More Definite Statement (Doc. #13) is **GRANTED IN PART AND DENIED IN PART.** The First Amended Complaint is **dismissed** without prejudice to filing an Second Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of December, 2010.

                                                   _/s/ John E. Steele_
                                                   JOHN E. STEELE
                                                   United States District Judge

Copies:
Counsel of record

---

[3] In his response, plaintiff addresses the 10(b) argument with respect to the claims of false arrest and malicious prosecution but does not address the false imprisonment claim. (Doc. #16, p. 7.)